DODGE (KENNEDY v.).　See Case No. 7,-701.

## Case No. 3,952b.

DODGE et al. v. LEARY et al.

[23 Betts, D. C. MS. 84.]

District Court, S. D. New York. Sept. Term, 1857.

LIBEL BETWEEN CO-OWNERS FOR SUPPLIES—AGAINST MORTGAGEE.

[1. A libel by one ship owner against his co-owner for supplies furnished to the ship's husband for the use of the vessel cannot be sustained in the absence of averments supported by proof that libellant had paid more than his share upon the common liability, and it is at least equivocal whether the credit has not been given to the ship's husband personally.]

[2. Such a libel cannot be maintained against one holding a conveyance of the vessel merely as security for a debt, without possession, and who has not appointed her master.]

The libel alleges that in November, 1854, the bark Storm Bird was owned jointly by the libellants [William M. Dodge and others] and respondents [Arthur Leary and others], and was fitting for sea at New York for such joint owners under the charge and superintendence of Appleton Oaksmith, and that the libellants furnished said ship's husband, for the use and service of the vessel, furniture and utensils necessary to her fitting out, and to enable her to perform her intended voyage, amounting in value to $251.44. The respondents by their answer deny the joint ownership of the bark alleged in the answer, and aver that the supplies furnished her at the request of said Oaksmith were sold on the credit of Oaksmith alone, and not on that of the respondents. It was proved on the hearing by Oaksmith, the ship's husband, that the respondents were not part owners of the vessel, and only held a nominal title in her to secure a debt owing them by him, and that the libellant Dodge held an interest in the vessel.

PER CURIAM. It is plain that no right to maintain the action is shown by the libellants, in the pleadings or proofs. The allegations on the face of the libel are felo de se to the right of action in the name of the libellants, as they aver themselves part owners of the vessel. They have no color of right to prosecute their co-owners in this form of proceeding for any supposed liability to them upon a mutual debt, without at least an averment in the pleadings supported by the proofs that they had actually paid more than their legal share upon the common liability. Nor could the action be maintained upon their right of co-ownership, if brought against the vessel, as this court does not possess the functions necessary to compelling an adjustment of accounts between joint owners. It is furthermore fatal to their suit, that the respondents are only proved to have held a conveyance of the vessel as a security for a debt, and were thus only mortgagees, and the possession not having been in them, nor the master appointed by them, they cannot be made liable for debts contracted on her account by the master or ship's husband. Moreover, in this case, upon the testimony it is at least equivocal whether the libellants had not given credit, for the articles furnished the bark, wholly to Appleton Oaksmith personally, with whom all their dealings were conducted. The libel must be dismissed, with costs.